

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-13-00046-CR

GERALD RAY BARROW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court
Hale County, Texas
Trial Court No. 2012C-427, Honorable Bill Coleman, Presiding

November 4, 2015

DISSENTING OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This appeal was originally abated when the State appealed a new trial granted by the trial court based upon an implied finding of ineffective assistance of counsel. On July 16, 2014, this court issued a plurality opinion in *State v. Barrow,* finding the trial court abused its discretion when it granted that new trial.[1] Barrow's motion for

---

[1]*State v. Barrow,* No. 07-13-00147-CR, 2014 Tex. App. LEXIS 7762 (Tex. App.—Amarillo July 16, 2014, pet. ref'd) (mem. op., not designated for publication), Justice Campbell writing for the court. Chief Justice Quinn filed a concurring opinion and Justice Pirtle filed a dissenting opinion.

rehearing was overruled,[2] and a petition for discretionary review was refused by the Court of Criminal Appeals.[3]

The abatement having now been lifted, this court has once again found that Barrow's ineffective assistance claim fails because "the court did not have before it evidence of [trial counsel's] reasons for focusing on urging the jury to honor Shirley Barrow's wishes rather than pursuing a claim of self-defense." With myopic precision, the court again focuses on the absence of direct evidence concerning counsel's trial strategy, ignoring all other evidence upon which a finding of ineffective assistance could be based. Because I did not believe then, and I do not believe now, that direct evidence of trial counsel's trial strategy is some sort of talisman essential to a finding of ineffective assistance of counsel, I respectfully dissent. *See Ex parte Bryant*, 448 S.W.3d 29, 39-40 (Tex. Crim. App. 2014) (holding that "when no reasonable strategy could justify trial counsel's conduct . . . counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as he did").

Patrick A. Pirtle
Justice

Do not publish.

---

[2] *State v. Barrow,* No. 07-13-00147-CR, 2014 Tex. App. LEXIS 9332 (Tex. App.—Amarillo Aug. 20, 2014, pet ref'd) (with notation that Pirtle, J., would grant the motion for rehearing).

[3] *State v. Barrow,* No. PD-1268-14, 2015 Tex. Crim. App. LEXIS 70 (Tex. Crim. App. Feb. 4, 2015).

2